OPINION

**Jimmie Lee WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–90.**

Court of Criminal Appeals of Oklahoma.

July 24, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Judge:

Appellant, Jimmie Lee Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1607, for the offense of Robbery with Firearms, After Former Conviction of a Felony. His punishment was fixed at twenty-five (25) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial David Dyer testified that on July 5, 1972, he and his girlfriend, Patricia Cobb, were driving to Los Angeles in a Rambler station wagon. They stopped at a roadside park near Interstate 35 to sleep. About 1:30 in the morning they were awakened by three black males, one of whom he identified in court as defendant. The defendant pointed a gun at Dyer demanding his money. One of the three threatened to blow his head off. The defendant handed Dyer a paper bag and Dyer put one hundred and three dollars ($103.00) into the bag. They also took his girlfriend's purse. He flagged down a police car on Interstate 35 and reported the robbery.

Patricia Cobb's testimony did not differ substantially from that of witness Dyer's. She identified the defendant as the person holding the gun. She further identified State's Exhibit 3 as her cosmetic purse.

Officer Graham of the Edmond Police Department testified that he was the officer flagged down by Dyer. He broadcast the information that three black males had committed a robbery.

Officer Dawson testified that at approximately 1:30 a. m. on the morning in question, he arrested the defendant who was a passenger in a car with two other Negro males.

Officer Campbell testified that he was patrolling with Officer Dawson on the morning in question. They received a broadcast of an armed robbery and subsequently placed the defendant and two other

Negro males under arrest. He searched the car and found a revolver under the driver's seat. Bills of various denominations were found on the front seat. The cosmetic purse, State's Exhibit 3, was found on the back seat.

Defendant did not testify nor was any evidence offered in his behalf. The previous convictions were stipulated.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. Suffice it to say that the evidence of defendant's guilt is overwhelming and that the punishment imposed does not shock the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.